

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-MJ-876 |
| Plaintiff, | ORDER OF DETENTION |
| v. | |
| EULOGIA MORALES GUZMAN, | |
| Defendant. | |

I.

On April 16, 2025, Defendant Eulogia Morales Guzman – assisted by a Spanish language interpreter - made her initial appearance on the criminal complaint filed in this case. Deputy Federal Public Defender Iboh Umodu was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Kelly Laroque. A detention hearing was held.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.
☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered the report and recommendation prepared by United States Probation and Pretrial Services.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ family ties outside the United States

☒ No legal status in the United States; Defendant has been removed/deported multiple ties and is alleged to have re-entered without permission

☒ Defendant is currently on parole

☒ extensive criminal history includes felony convictions for burglary, failure to disclose records, assault with a deadly weapon and possession of a controlled substance for sale, misdemeanor convictions for violating municipal ordinances regarding sale of items, and numerous law enforcement contacts which include attempted illegal entry, ordinance violations, violations of probation, and failures to appear.

☒ Defendant is alleged to have entered the United States without permission after being deported in 1999, 2008, 2009, three occasions in 2010 (February, September and December), 2012 and 2024.

☒ History of use of aliases, and multiple identifiers

☒ background information partially verified, including passport possession.


As to danger to the community:

☒ felony criminal convictions – see above – and extensive law enforcement contacts which include probation violations and recent contacts.

2

V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: April 16, 2025          /s/
                          ALKA SAGAR
                          UNITED STATES MAGISTRATE JUDGE